# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 25, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| SHANNON M. BARRY, | * | |
| | * | Chief Special Master Dorsey |
| Petitioner, | * | |
| v. | * | Case No. 12-039V |
| | * | |
| SECRETARY OF HEALTH | * | Reasonable Attorneys' Fees & Costs; |
| AND HUMAN SERVICES, | * | Vague and Excessive Billing; Block |
| | * | Billing. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Aaron Siri, Siri and Glimstad, LLP, New York, NY, for petitioner.
Alexis Babcock, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 24, 2016, the undersigned issued a Decision in the above captioned case based on the parties' stipulation. Decision dated June 24, 2016 (ECF No. 84). On September 20, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner's Application ("Pet'r's App.) dated September 20, 2016 (ECF No. 89). Petitioner requests a total of $177,950.72 in attorneys' fees and costs. Pet'r's App. at 6; Pet'r's Supplemental ("Supp.") App. dated October 14, 2016 (ECF No. 91). For the reasons set forth below, the undersigned **GRANTS** petitioner's motion and awards a total of **$156,880.93** in attorneys' fees and costs.

## I. Procedural History

On January 19, 2012, Shannon Barry ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). The

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

petitioner alleged that, as a result of receiving an influenza ("flu") vaccination on January 21, 2009, she suffered from Postural Orthostatic Tachycardia Syndrome ("POTS"). Petition at Preamble. On June 24, 2016, the undersigned issued a Decision based on the parties' stipulation and awarded petitioner $40,000.00 in compensation. Decision at 2.

On September 20, 2016, petitioner filed a motion for attorneys' fees and costs, requesting a total of $177,017.12, including $90,285.36 for Mr. T. Russell Price, Attorney at Law, $56,998.46 for Siri and Glimstad, LLP, $11,533.30 for the Law Office of Robert J. Krakow, P.C., and $20,200.00 for Dr. Svetlana Blitshteyn, M.D.[3] Pet'r's App. at 6. Along with her application, petitioner also submitted billing records, invoices from her experts, and documentation supporting counsel's respective hourly rates. On October 5, 2016, respondent filed a response stating her general objections and proposing that a reasonable award of attorneys' fees and costs for this case would fall between $50,000.00 and $65,000.00. Respondent's Response ("Resp's Resp.") dated October 5, 2016 (ECF No. 90). Respondent recommended that the undersigned exercise her discretion in determining a reasonable award for fees and costs. Id.

On October 14, 2016, petitioner filed a reply to respondent's response and a supplemental application requesting an additional $933.60 in attorneys' fees. Pet'r's Supplemental ("Supp") App. dated October 14, 2016 (ECF No. 91), at 9. Petitioner argued, in sum, that the Court should award petitioner the full amount of fees and costs, as respondent "leaves entirely uncontested the time, description, hourly rate, and total amount for every single one of [petitioner's] 614 [billing] entries." Id. at 1.

This matter is now ripe for adjudication.

## II.    Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1).

---

42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] T. Russell Price represented petitioner from September 2011 until February 24, 2015. After that date, Siri and Glimstad, LLP, and Law Offices of Robert J. Krakow, P.C., represented petitioner until the conclusion of the case.

### a. Reasonable Attorneys' Fees

### i. Hourly Rates

Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Avera, 515 F.3d at 1347-48. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Id. at 1347. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. at 1347-48.

### 1. T. Russell Price Attorney at Law

Mr. Price represented petitioner from September 2011 until February 24, 2015, during which time he billed a total of 316.7 hours at a rate of $250.00 per hour. See Pet'r's App., Ex. 8. In support of his requested rate of $250.00 per hour, Mr. Price stated that he received his Juris Doctor from New York University School of Law in 2005, after which time he worked as a litigation associate at Latham & Watkins LLP until 2009. Pet'r's App. at 3. From 2009-2015, he served as in-house counsel and performed other independent legal services in New York, New York, until he became an Assistant United States Attorney in the Eastern District of New York in 2015. Id. at 3-4; see also Pet'r's App., Ex. 7, at 1-2. During the time he represented petitioner, Mr. Price had between seven and 10 years of legal experience. Mr. Price is not the attorney of record in any other Vaccine Program cases, and it does not appear from the documentation he submitted that he had any prior experience in the Vaccine Program.

In McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), the special master found that a reasonable hourly rate for an attorney with four to seven years of experience is between $225.00 and $300.00 per hour. Id. at *19. For an attorney with eight to 10 years of experience, a reasonable hourly rate is between $275.00 and $350.00. Id. Although he had no prior Vaccine Program experience, the undersigned finds that the flat hourly rate of $250.00 per hour for all years of work is reasonable, as it falls within the forum hourly ranges given in McCulloch. Thus, the undersigned will compensate Mr. Price at a rate of $250.00 per hour for work performed between 2011-2015.

### 2. Siri and Glimstad, LLP

Mr. Aaron Siri of Siri and Glimstad, LLP, represented petitioner from February 2015 to the conclusion of the case. In 2015, Mr. Siri billed 103.2 hours of attorney work at $375.00 per hour and 9.4 hours of paralegal work at $135.00 per hour. Pet'r's App. at 5. In 2016, Mr. Siri billed 36.9 hours of attorney work at $389.00 per hour and .8 hours of paralegal work at $135.00

per hour.  Id.  Along with petitioner's application, Mr. Siri submitted documentation in support of his requested hourly rate.  Pet'r's App., Ex. 1.  Mr. Siri received his Juris Doctor from the University of California at Berkeley in 2004 and thereafter did a clerkship for the Chief Justice of the Supreme Court of Israel.  Id. at 1-2.  He then worked as a litigation associate at Latham & Watkins from 2005-2010, when he began his own law firm in New York, New York.  Id. at 2-3.  Mr. Siri is not the attorney of record in any other Vaccine Program cases, and it does not appear from the documentation he submitted that he had any prior experience in the Vaccine Program.

Mr. Siri cites to McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), in support of his hourly rate of $375.00 for 2015 and $389.00 for 2016.  Pet'r's App., Ex. 1, at 6.  According to McCulloch, a reasonable hourly rate for an attorney with 11 to 19 years of experience in practice is $300.00 to $375.00 per hour. Id. at *19.  Petitioner also pointed out that McCulloch allowed for a 3.7 percent yearly increase based on the Consumer Price Index ("CPI")[4] and the Real Rate Report[4] ("RRR").  Id. at *16. Petitioner failed to note, however, that under McCulloch, several factors are important to a determination of a reasonable hourly rate, including: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the attorneys' reputation in the legal community and community at large.  Id. at *17.

The undersigned finds Mr. Siri's hourly rates of $375.00 in 2015 and $389.00 in 2016, unreasonable.  While working on this case, Mr. Siri had 12 years of experience as an attorney but did not have any prior experience in the Vaccine Program.  Although Mr. Siri falls into the $300.00 to $375.00 per hour McCulloch range because he has 12 years of legal experience, this range is for attorneys with up to 19 years of experience.  As Mr. Siri is on the lower end of this experience range and did not have any prior experience in the Vaccine Program, the undersigned finds that he is not entitled to the highest amount of $375.00 per hour.

In determining a reasonable hourly rate for Mr. Siri, the undersigned also notes that there are several other similarly situated attorneys with comparable levels of overall experience but with more experience in the Vaccine Program who are not receiving $375.00 per hour for work performed in 2015.  For example, Mr. Mark Sadaka, who has his own practice in Englewood, New Jersey, has 12 years of legal experience and has filed numerous petitions in the Vaccine Program.  Shell v. Sec'y of Health & Human Servs., 2016 WL 6081829 (Fed. Cl. Spec. Mstr. Sept. 21, 2016), at * 2.  Mr. Sadaka was awarded $350.00 per hour for work performed in 2015 and $360.00 per hour for work performed in 2016.  Id.; see also Purgason v. Sec'y of Health & Human Servs., 2016 WL 4013680 (Fed. Cl. Spec. Mstr. June 30, 2016).

For the above reasons, the undersigned finds that an appropriate hourly rate for Mr. Siri's legal work in 2015 is $350.00 per hour.  For work performed in 2016, the undersigned finds it appropriate to increase Mr. Siri's 2015 rate by 3.7 percent.  See McCulloch, 2015 WL 5634323, at *16; see also McErlean v. Sec'y of Health & Human Servs., No. 13-543V, 2016 WL 4575583

---

[4] "RRR reports on corporate billing rates paid to small, medium, and large law firms in different practice areas serving corporate clients …. The study reports on rates in various metropolitan areas and defines small firms as those with fewer than 50 lawyers."  McCulloch, 2015 WL 5634323, at *8.

(Fed. Cl. Spec. Mstr. July 28, 2016). Thus, the undersigned will compensate Mr. Siri at a rate of $363.00 per hour for work performed in 2016.[5] The requested paralegal rate of $135.00 per hour is reasonable and will be awarded.

### 3.   Law Offices of Robert J. Krakow, P.C.

Mr. Krakow assisted Mr. Siri with this case from July 2015 to the present. In 2015, he billed 16.6 hours of legal work at $413.00 per hour and 2.4 hours of paralegal work at $125.00 per hour. Pet'r's App. at 5; see also Pet'r's App., Ex. 5, at 2. In 2016, Mr. Krakow billed 10.3 hours of legal work at $425.00 per hour. The undersigned has previously approved Mr. Krakow's hourly rates and finds them reasonable. See Laderer v. Sec'y of Health & Human Servs., No. 09-97V, 2016 WL 3044838, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2016).

### ii.   Reduction of Billable Hours

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1521. Furthermore, the special master may reduce a fee request *sua sponte*. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

The undersigned finds a reduction in the number of hours billed in this case appropriate for several reasons. First, counsel requests compensation for paralegal and administrative work at an attorney rate. Second, counsel billed time for becoming familiar with the rules and procedures of the Vaccine Program generally. The billing records also contain entries which constitute block billing, wherein counsel billed for multiple tasks in a single entry. Some of the blocks contain time that is not compensable for one of the above-listed reasons along with time that is compensable. For such entries, it is impossible to determine the precise portion of the time billed that should be compensated. Because it is counsel's burden to document the fees claimed, the undersigned will not compensate the time billed for the entire billing entry. See Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, (Fed. Cl. Spec. Mstr. July 29, 2009), at *8. The undersigned notes that these reductions are also offset by the fact that many other entries, though comprised primarily of *compensable* time, also include some non-compensable time that has not been reduced because of the inability to further itemize the billing record.

---

[5] 3.7 percent of $350.00 per hour is $12.95. The undersigned has rounded this number up to $13.00 for ease of reference.

### 1.   Administrative and Paralegal Work

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  See, e.g. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (legal assistant services that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fee rates").  Clerical and secretarial work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices.  See Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal.  Doe/11 v. Sec'y of Health & Human Servs., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing Missouri v. Jenkins, 491 U.S. 274, 288 (1989)).  "It is the nature of the work, not the title or education of the person performing it, that determines whether it is legal, paralegal, or secretarial/clerical in nature."  Id.  Paralegal tasks include preparing and filing exhibits and exhibit lists, and assembling trial notebooks.  Mostovoy, 2016 WL 720969, at *5.

### a.   T. Russell Price

The following billing entries by Mr. Price are administrative in nature and will not be compensated.  On April 30, 2012, he billed .2 hours for speaking with the Clerk's Office about filing exhibits.  Pet'r's App., Ex. 8, at 3.  On August 15, 2012, Mr. Price billed .2 hours to schedule a status conference.  Id.  On August 31, 2012, Mr. Price billed .2 hours for calling Dr. Weimer's office and leaving a message.  Id.  On November 9, 2012, he billed .1 hours for leaving a voicemail message for an OSM law clerk.  Id. at 4.  He billed .1 hours on November 13, 2012, for the same.  Id.  On March 14, 2013, Mr. Price billed .5 hours to prepare a notice of filing and to file Dr. Cunningham-Randels' expert report.  Id. at 5.  On May 28-29, 2013, Mr. Price billed a total of .7 hours for drafting and attempting to file a motion for extension of time, contacting respondent's counsel and emailing her the motion.  Id. at 5.  On May 31, 2013, Mr. Price billed 1.0 hours for drafting and mailing a letter and additional materials to Dr. Weimer.[6]  On July 23, 2013, Mr. Price billed .1 hours to draft and file a third request for extension of time to submit supporting documentation.  Id. at 6.  On July 29, 2013, he billed .6 hours to file supplemental records from Dr. Markowitz and Dr. Cunningham-Rundles' expert report.  Id.  On July 30, 2013, Mr. Price billed .2 hours to draft and file a fourth request for extension of time.  Id.  On September 27, 2013, he billed .7 hours to draft and file a motion for extension of time and to file a supplemental expert report.  Id.  On October 28, 2013, Mr. Price billed a total of .7 hours for drafting a notice and filing additional medical records and drafting and filing a statement of completion.  Id. at 7.  On November 13, 2013, he billed .5 hours for prepared and filing exhibits and signing copies of expert reports and medical records.  Id.  On July 16, 2014,

---

[6] While it is possible that drafting the letter to Dr. Weimer could be considered non-administrative based on the bill submitted, it is impossible to know how much time was spent collecting and mailing the materials and how much time was spent substantively drafting the letter.  Thus, the undersigned will compensate Mr. Price for half of this time.

Mr. Price billed .3 hours to draft and file a request for an extension of time to file documents.  <u>Id.</u> On November 17, 2014, he billed 7.3 hours for "final edits and proof; convert to pdf for submission; arrange and prepare all supporting docs for submission."[7]  **The undersigned thus reduces Mr. Price's fee application by 13.4 hours, amounting to $3,350.00, for administrative work.**

The following billing entry from Mr. Price is commensurate with work performed by a paralegal and thus will be compensated at the paralegal rate of $135.00 per hour.  On May 3, 2012, Mr. Price billed 3.0 hours to review, prepare, and file exhibits, as well as to draft notices of filing and a statement of completion.  Pet'r's App., Ex. 8, at 3.  **The undersigned thus reduces Mr. Price's fee application in the amount of $345.00 for paralegal work.**

### b. Siri & Glimstad, LLP

The following billing entries from Mr. Siri are administrative in nature and are not compensable.  On February 24, 2015, Mr. Siri billed a total of .2 hours to file a consent of substitution of counsel and send a copy to petitioner.  Pet'r's App., Ex. 2, at 1.  On April 21, 2015, Mr. Siri billed .4 hours for researching the rules for filing supplemental affidavits, filing a supplemental affidavit, and sending a copy of the filing to his client.  <u>Id.</u> at 4.  On April 22, 2015, he billed .2 hours form receiving a message from an OSM law clerk and returning the call.  <u>Id.</u> On April 23, 2015, Mr. Siri billed .1 hours to review an invoice from Dr. Safdieh.  <u>Id.</u>  On April 28, 2015, he billed .1 hours for leaving a voicemail for respondent's counsel.  <u>Id.</u>  On May 28, 2015, Mr. Siri billed .2 hours to review the docket and make phone calls to HHS and OSM.  <u>Id.</u> at 5.  On May 29, 2015, he billed a total of .2 hours to arrange a status conference and notify his client of a status conference.  <u>Id.</u>  On June 1, 2015, he billed .1 hours to receive a call from OSM and notify his client.  <u>Id.</u>  On June 24, 2015, Mr. Siri billed .1 hours to reschedule a status conference.  On July 7, 2015, he billed a total of .2 hours for "communication regarding scheduling" and reviewing a docket entry regarding a status conference.  <u>Id.</u> at 6.  On July 8 and 10, 2015, he billed a total of .4 hours for rescheduling a hearing and a status conference.  <u>Id.</u>  On July 9, 2015, he billed .2 hours for filing a notice of appearance for Mr. Krakow.  On July 13, 2015, Mr. Siri billed .1 hours to schedule a hearing.  <u>Id.</u> at 7.  On July 22, 2015, he billed .1 hours to reschedule a hearing.  <u>Id.</u> at 8.  On August 19 and 20, 2015, Mr. Siri collectively billed .2 hours related to arranging telephone conferences.  <u>Id.</u> at 10.  On September 27, 2015, he billed .8 hours for preparing a package to send to his expert and mailing the package.  <u>Id.</u> at 11.  Also on September 27, 2015, he billed .1 hours to file a motion for subpoena.  <u>Id.</u>  On October 7, 2015, Mr. Siri billed .1 hours to email a copy of the subpoena to respondent's counsel.  <u>Id.</u> at 12.  On February 4, 2016, he billed .1 hours to respond from a communication from OSM.  <u>Id.</u> at 19.  On February 4, 2016, he billed .1 hours to finalize and file a joint status report.  <u>Id.</u> at 20.  On April 14, 2016, Mr. Siri billed .5 hours for "compile all papers for filing and draft notice of filing and file all papers."  <u>Id.</u> at 22.  On November 18, 2016, Mr. Siri billed .1 hours for filing a status report.  <u>Id.</u>  On June 15, 2016, he billed .1 hours to leave a message for respondent's counsel.  <u>Id.</u> at 23.  On June 17, 2016, Mr. Siri billed a total of .2 hours to sign a stipulation, finalize it for delivery, and sending it via Fedex.  <u>Id.</u>  On June 21, 2016, he billed .1 hours for responding to an

---

[7] The undersigned notes that this billing entry is also not compensable as it constitutes block billing.  <u>See infra</u> at 10.

emailing about mailing the stipulation and providing the tracking number.  Id.  **Mr. Siri will not be compensated for these 5.0 hours of administrative work, and the undersigned thus reduces his fees by $1,765.6.**[8]

The following entries are paralegal in nature and will be compensated at Mr. Siri's requested paralegal rate of $135.00 per hour.  On September 24, 2015, Mr. Siri billed .2 hours for receiving a call regarding his client's employment records.  Pet'r's App., Ex. 2, at 11.  On October 28, 2015, Mr. Siri billed 1.7 hours for organizing documents from petitioner's employer, putting them into PDF form, and grouping them together.  Id. at 15. On November 3, 2015, he billed .2 hours for "communications regarding compiling all of the supporting literature cited in the expert report."  Id.  On November 11, 2015, he billed .9 hours for drafting notices of filing and gathering various documents for the expert report.  Id. at 16.  **For these three hours, Mr. Siri will be compensated at his paralegal rate of $135.00 per hour, and thus the undersigned reduces his fees by $645.00.**

### 2.  Time Spent Learning About the Vaccine Program

The Vaccine Act limits the recovery of "reasonable attorneys' fees, and other costs" to those "incurred in any proceeding" on a vaccine petition.  42 U.S.C. § 300aa–15(e)(1)(A)–(B).  Time spent learning about the Vaccine Program is not compensable.  See, e.g. M atthews v. Sec'y of Health & Human Servs., No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016); Calise v. Secretary of Health & Human Servs., No. 08–865V, 2011 WL 2444810, at *5 (Fed. Cl. Spec. Mstr. June 13, 2011) (reducing petitioner's counsel's billings for "research into the elementary principles of vaccine litigation," noting, "basic education [is] not compensable under the Program."); Carter, 2007 WL 2241877 ("an inexperienced attorney may not ethically bill his client to learn about an area of the law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task.").

#### a.  T. Russell Price

The following time billed by Mr. Price for general research about the Vaccine Program is not compensable.  On January 3, 2012, he billed 5.8 hours for reviewing the requirements for a Vaccine Program petition and beginning to draft a claim.[9]  Pet'r's App., Ex. 8, at 1.  On September 18, 2012, Mr. Price billed .4 hours to "[r]eview USCFC website for requirements of

---

[8] Four of the 5.3 total administrative hours were billed in 2015 at a rate of $350.00 per hour, for a reduction of $1,400.00.  1.3 of the administrative hours were billed in 2016 at a rate of $363.00 per hour, for a reduction of $471.9.

[9] While time spent drafting the petition is compensable, the time spent researching the requirements is not compensable.  Because Mr. Price block billed and this billing entry is vague, it is impossible for the undersigned to determine what portion of time was spent researching petition requirements and what portion of time was actually spent drafting the petition.  Therefore, the undersigned will reduce this billing entry by one half, compensating Mr. Price for 2.9 of these hours.

notice of continuation." Id. at 3. **The undersigned thus reduces Mr. Price's time by 3.3 hours, reducing his fee award by $825.00.**

### b.  Siri & Glimstad, LLP

The following time billed for general research about the vaccine program is not compensable.  On April 24, 2015, Mr. Siri billed .5 hours for reviewing court rules regarding the next steps in his case after the motion for ruling on the record was denied.  Pet'r's App., Ex. 2, at 4.  On September 27, 2015, he billed 1.6 hours for reviewing rules regarding issuing a subpoena, reviewing a draft request for a subpoena, researching the correct party on whom to serve the subpoena, and drafting the subpoena.  Id. at 11.  On October 21, 2015, Mr. Siri billed .3 hours for performing legal research related to procedures and obligations for producing documents.  Id. at 14.  On November 12, 2015, he billed 2.3 hours for reviewing filing rules and contacting the clerk's office, updating the notices of filing, as well as organizing and filing exhibits while correcting "various technical issues."  Id. at 17.  On December 21, 2015, he billed .2 hours in part for reviewing the rules related to untimely filings.  Id. at 18.  On January 29, 2016, he billed .7 hours for "review[ing] VICP rules and procedures regarding settlement and mediation."  Id. at 19.  On July 1, 2016, Mr. Siri billed 1.2 hours for reviewing recent fee decisions.  Id. at 24. On August 2, 2016, he billed .8 hours for reviewing sample motions for attorneys' fees, looking at the statute governing the Vaccine Act, and reviewing the Guidelines for Practice.  Id. at 25. **Thus, the undersigned will not compensate Mr. Siri for these 7.6 hours and thus reduces his attorneys' fees by $2,695.10.[10]**

### 3.  Vague, Excessive, and Block Billing

In addition to reducing petitioner's fee award for the time counsel billed for administrative and paralegal tasks, the undersigned also finds that petitioner's award should be reduced for vague, excessive, and block billing.  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468.  Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8. Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored.  Broekelschen v. Sec'y of Health & Human Servs., 2008 U.S. Claims LEXIS 399, at **13-14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's attorneys' fees and criticizing her for block billing); see also Jeffries v. Sec'y of Health & Human Servs., 2006 U.S. Claims LEXIS 411, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); Plott v. Sec'y of Health & Human Servs., 1997 U.S. Claims LEXIS 313, at *5 (Fed. Cl. Spec. Mstr. April 23, 1997).  Indeed, the Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task.  Several tasks lumped

---

[10] The $2,695.10 reduction accounts for 4.9 hours billed at $350.00 per hour and 2.7 hours billed at a rate of $363.00 per hour.

together with one time entry frustrates the court's ability to assess the reasonableness of the request."[11]

### a.   T. Russell Price

After carefully reviewing Mr. Price's timesheets, the undersigned finds many of the entries are vague, excessive, and/or constitute block billing.  In total, Mr. Price billed over 30 hours for drafting and reviewing a seven page petition and petitioner's affidavit.  See Pet'r's App., Ex. 8, at 1-2.  Much of this time was block billed and contains an excessive number of time entries that are vague.  For example, on January 8, 2016, Mr. Price billed 7.4 hours for "continu[ing] to draft petition."  Pet'r's App., Ex. 8, at 2.  There are eight entries, constituting over 17 billable hours, that are simply labeled, "[c]ontinued draft petition."  See id. at 1-2. Taken as a whole, the undersigned finds these entries excessive and will not compensate Mr. Price for all of them.

Additionally, Mr. Price billed over 105 hours to draft a motion for a ruling on the record that was ultimately denied.  The ruling on the record is approximately 22 pages in length, and 13 and a half of these pages are simply a recitation of petitioner's medical records.  See Pet'r's Mot. dated November 14, 2014 (ECF No. 51).  Much of the time spent drafting the motion was block billed, and the time entries are vague and excessive.  See Pet'r's App., Ex. 8, at 4, 8-9.  For example, there are eight successive entries, constituting over 25 billable hours, which are simply labeled as "[u]pdate draft of motion; review expert reports; review medical records."  Id. at 8.  In addition, many of the billing entries reflect that Mr. Price billed over 14 hours of work in one day.  For example, on November 17, 2014, he billed 14.5 total hours of work, and on December 28, 2014, he billed 14.9 total hours of work.  Id. at 9.  Mr. Price also billed over 37 hours to draft a reply brief for the motion for ruling on the record, which is approximately 12 and a half pages in length.  See Pet'r's Reply dated December 29, 2014 (ECF No. 54).  Like the billing entries for the motion for ruling on the record, the undersigned finds these billing entries vague and excessive.  For example, Mr. Price's timesheets show five successive billing entries, constituting over 17 hours of billable time, which are labeled "[w]ork on draft of reply brief."  Id. at 9.

Mr. Price also billed time for research about POTS, and much of this time is vague, excessive, and constitutes block billing.  For example, on September 22, 2011, Mr. Price billed 6.8 hours of time to research the link between POTS and the influenza vaccine.  Pet'r's App., Ex. 8, at 1.  On January 2, 2012, he billed 5 hours for "[r]eview[ing] cases and research."  Id.  On November 3, 2012, he billed 6.3 hours for "[a]dditional research on POTS and vaccines."  Id. at 4.  On November 10, 2012, Mr. Price again billed 7.8 hours for "[a]dditional search for links between POTS and vaccines."  Id.  These entries constitute block billing and taken as a whole, the undersigned finds them excessive.

---

[11] Guidelines for Practice Under the National Vaccine Injury Compensation Program ("Guidelines for Practice") at 68 (revised January 7, 2016) found at http://www.uscfc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-1-7-16.pdf (last visited on February 1, 2016) (Section X, Chapter 3, Part B(1)(b)).

**Given the extent of the vague, excessive, and block billing in Mr. Price's timesheets, totaling nearly 200 of his 316.7 billed hours, the undersigned reduces his overall award by ten percent.**

### 4.   Time Billed By Multiple Attorneys

Work on this case was primarily performed by Mr. Price and Mr. Siri.  However, Mr. Krakow also served as co-counsel with Mr. Siri to provide assistance with petitioner's case.  The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on the same case.  See Sabella, 86 Fed. Cl. at 214-15 (affirming the special master's reduction of fees for overstaffing where three attorneys from two different firms worked on a case together); Austin v. Sec'y of Health & Human Servs., No. 10-36V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where seven attorneys at Conway, Homer & Chin-Caplan billed for attending conferences and drafting memoranda about the case); Soto v. Sec'y of Health & Human Servs., No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced CHCC's fees for intra-office communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with a client).  In this case, the undersigned finds it appropriate to reduce Mr. Krakow's time, as much of his time was spent reviewing documents that Mr. Siri, as lead counsel on the file, would have also reviewed.

### a.   Law Office of Robert J. Krakow, P.C.

As co-counsel, Mr. Krakow billed a total of 29.30 hours of time for work performed on this case.  However, Mr. Krakow billed over eight hours to review documents in the file that Mr. Siri would have also had to review as the lead attorney.[12]  It is clearly established that duplicative billing is not permitted.  Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reducing an overall fee award by ten percent due to excessive and duplicative billing); Lord v. Sec'y of Health & Human Servs., No. 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016); Sexton v. Sec'y of Health & Human Servs., No. 99-453V, 2015 WL 77107209 (reducing an attorney's unnecessary and/or duplicative billings by one half).  **The undersigned thus reduces Mr. Krakow's total bill by ten percent.**

---

[12] On the following dates, at least one of Mr. Krakow's billing entries was for reviewing documents in the file: July 8, 2015, July 14, 2015, July 17, 2015, August 2, 2015, August 3, 2015, August 4, 2015, August 13, 2015, August 18, 2015, October 17, 2015, October 19, 2015, October 20, 2015, November 1, 2015, November 3, 2015, November 11, 2015, November 19, 2015, January 29, 2016, February 1, 2016, March 15, 2016, March 22, 2016, March 24, 2016, April 5, 2016, and June 26, 2016.  Pet'r's App., Ex. 6, at 1-7.

### b.   Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $11,122.86 in costs for Mr. Price and $20,767.36 for Mr. Siri, for a total costs award of $31,890.22.  Pe't'r's App. at 6.  Mr. Krakow did not incur any costs associated with this litigation.  Id.  Petitioner also did not incur any out-of-pocket expenses related to the litigation. Pet'r's App., Ex. 10, at 1.

### i.   Costs for Expert Witnesses

#### 1.   Dr. Susanna Cunningham-Rundles

Petitioner requests a total of $7,950.00 to compensate Dr. Cunningham-Rundles for her expert report.  Dr. Cunningham-Rundles billed a total of 106 hours at a rate of $75.00 per hour. Pet'r's App., Ex. 9, at 3-8.  Dr. Cunningham-Rundles provided billing records which contained large amounts of block billing, although the Guidelines for Practice clearly disfavor block billing for experts.  See Rodriguez, 2009 WL 2568468 at *22 ("The Guidelines for Practice state that petitioner should explain costs sufficiently to demonstrate their relation to the prosecution of the petition.  Without invoices, it is impossible to determine precisely what services [the expert] rendered or at what cost.") (internal quotations omitted) (citing Guidelines for Practice at 69 (Section X, Chapter 3, Part B(2).  Although the undersigned believes the time spent by Dr. Cunningham-Rundles is excessive and notes the block billing in her timesheets, given that her hourly rate is reasonable, **the undersigned awards petitioner the full $7,950.00 for her work.**

#### 2.   Dr. Joseph Safdieh

Petitioner requests a total of $500.00 to compensate Dr. Safdieh for a supplemental affidavit. Pet'r's App. at 6.  Petitioner submitted a copy of a check made out to Dr. Safdieh in the amount of $500.00.  Pet'r's App., Ex. 9, at 10.  Petitioners later filed an invoice from Dr. Safdieh detailing the time, task, and hourly rate charge.  ECF No. 93.  Dr. Safdieh performed one hour of work for which he charged $500.00.  Id.  **The undersigned finds these charges reasonable and will compensate petitioner in full for the services of Dr. Safdieh.**

#### 3.   Dr. Svetlana Blitshteyn

Petitioner requests a total of $20,200.00 to compensate Dr. Blitshteyn for her expert report and submitted a time sheet for Dr. Blitshteyn's work.  Dr. Blitshteyn billed a total of 50.5 hours of work at $400.00 per hour, for which she charged $20,200.[13]  Pet'r's App., Ex. 4, at 1-2. The undersigned and other special masters have previously awarded Dr. Blitshteyn an hourly rate of $400.00.  Ericzon, 2016 WL 447770; Turkupolis v. Sec'y of Health & Human Servs., No. 10-351V, 2015 WL 393343 (Fed. Cl. Spec. Mstr. Jan. 9, 2015).  The undersigned will compensate Dr. Blitshteyn at $400.00 per hour.

---

[13] The total invoice for Dr. Blitshteyn reads $18,200.00, plus the $2,000.00 retainer fee.

The undersigned also notes that Dr. Blitshteyn spent more time in this case than in other cases in which she has provided expert opinions.  See e.g., Turkupolis, 2016 WL 447770, at *7 (wherein Special Master Millman awarded Dr. Blitshteyn $16,700.00 for 41.75 hours of work billed at $400.00 per hour); see also Ericzon, 2016 WL 447770, at *1 (wherein Dr. Blitshteyn billed 18 hours for an expert report).  Dr. Blitshteyn submitted two expert reports in this case. Her first expert report was approximately 11 pages, and the second report in response to respondent's expert was approximately six pages.  See ECF Nos. 70 and 78.  The expert reports were detailed and sufficient to lead to a settlement in the case without a hearing.  The undersigned will compensate petitioner in full for Dr. Blitshteyn's time, as she submitted a sufficiently detailed invoice showing the hours spent and the work she performed.  **The undersigned thus awards petitioner $20,200.00 for work performed by Dr. Blitshteyn.**

### ii.   Costs for Expert Consultation Services

Petitioner requests a total of $2,225.00 to compensate Medilex, Inc., a medical expert consulting firm, for medical expert consulting services.  Pet'r's App. at 6.  However, it appears that petitioner mistakenly calculated the fees charged by Medilex.  From the invoices provided, petitioner was charged a total of $2,400.00 for the services: $1,550.00 for the first invoice and $900.00 for the second invoice.  Pet'r's App., Ex. 9, at 1-2.  Petitioner submitted billing records from Medilex detailing that 4 hours of work were performed at a rate of $450.00 per hour, in addition to a $1,100.00 fee and a $500.00 courtesy credit.  Id.  **The undersigned finds these costs reasonable and thus awards petitioner $2,400.00 for the services provided by Medilex.**

### iii.   Other Costs

Petitioners requested compensation for various other office costs such as photocopying, postage, Fedex, and filing fees. See generally Pet'r's App. at 5-6. **The undersigned finds the remainder of petitioner's costs reasonable and will pay them in full.**

### III.   Conclusion

The undersigned finds an award of attorneys' fees and costs appropriate in this case and awards petitioner the following amount of fees and costs:

**Attorneys' Fees:**

Total Requested:  $177,950.72
**Total Awarded**:  **$124,277.82**

T. Russell Price, Esq.

Requested: $79,162.50
**Awarded:  $67,178.25**
　(-$3,350.00 administrative work)
　(-$345.00 paralegal work)
　(-$825.00 Vaccine Program research)
　(-$7,464.25 vague, excessive, and block billing)

Siri and Glimstad, LLP
Requested: $55,364.70
**Awarded:  $46,719.60**
　(-$2,580 2015 hourly rate adjustment)
　(-$959.40 2016 hourly rate adjustment)
　(-$1871.90 administrative work)
　(-$645.00 paralegal work)
　(-$2,695.10 Vaccine Program research)

Law Offices of Robert J. Krakow, P.C.
Requested:  $11,533.30
**Awarded:  $10,379.97**
　(-$1,153.33)

**Costs:**
Total Requested:  $31,890.22
**Total Awarded:  $31,890.22**

T. Russell Price, Esq.
Requested:  $11,122.86
**Awarded:  $11,122.86**

Siri and Glimstad, LLP
Requested:  $20,767.36
**Awarded:  $20,737.36**

Law Offices of Robert J. Krakow, P.C.
Requested:  $0.00
**Awarded:  $ 0.00**

Total Fee Request: $177,950.72
**Total Fee Award: $156,880.93**

The undersigned awards attorneys' fees and costs as follows:

14

**(1) A lump sum of $78,301.11 in the form of a check payable jointly to petitioner and T. Russell Price, Esq., for attorneys' fees and costs.**

**(2) A lump sum of $67,456.96 in the form of a check payable jointly to petitioner and Siri and Glimstad, LLP, for attorneys' fees and costs.**

**(3) A lump sum of $11,122.86 in the form of a check payable jointly to petitioner and Law Offices of Robert J. Krakow, P.C., for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[14]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[14] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.